UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MATHEW MANTEIV LAKOTA,

    Petitioner,

v.

JOHN WARDELL, *et al.*,

    Defendants.

NO. CV-07-1813-RHW

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS**

Before the Court is the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Ct. Rec. 1). Petitioner is proceeding *pro se*.

On September 2, 2004, Petitioner was convicted after a bench trial of four counts of misdemeanor attempted petty theft, one count of receiving stolen property, and two counts of attempting to obtain money by falsely representing himself as a public officer. His conviction was affirmed on January 30, 2007, by the California Third District Court of Appeals in an unpublished opinion. Certiorari was denied by the California Supreme Court. In the state court appeals, Petitioner raised a number of issues including the same claims that he raises before this Court.

In his Petition, Petitioner presents two Sixth Amendment claims: (1) ineffective assistance of counsel; and (2) failure to appoint counsel.

### STANDARD OF REVIEW

Petitioner's Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, habeas relief may be granted

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 1**

only upon a finding that the last reasoned state court decision rejecting Petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding." 28 U.S.C. § 2254(d).

## BACKGROUND

Petitioner is not making a claim based on the sufficiency of the evidence or challenging his conviction on substantive grounds. Therefore, it is not necessary to present the underlying conduct that is the basis for Petitioner's conviction. Rather, Petitioner is challenging the legality of the proceedings. Specifically, Petitioner asserts that the underlying proceedings were defective because he was denied his Sixth Amendment rights.

The Factual Background for these claims was set forth in the California Court of Appeals decision:

> On October 14, 2003, the date of the pretrial readiness and settlement conference, defendant, defense counsel, and the prosecutor met and discussed a plea bargain to two counts of attempted petty theft without any additional jail time. Defendant had three concerns. He wanted to know (1) whether the offer included an agreement by the Sutter County District Attorney's office to forego prosecution for similar behavior in their jurisdiction, (2) whether he could appeal the legal issue of his alleged right to issue, administer, and collect fines for his notices of parking violations directly to the Court of Appeals and (3) he wanted his own copy of all discovery so he could personally review it and make a determination whether to accept the offer.
> As to the first and second concerns, the prosecutor agreed to contact the Sutter County District Attorney's office and allow defendant to retain his right to appeal the legal issue. However, the prosecutor and defense counsel both erroneously advised defendant that if the case was disposed of as a misdemeanor, any appeal would be heard by the Butte County Superior Court. Defendant voiced his concern about appealing to the Butte County Superior Court rather than the Court of Appeals, but did not accept or reject the proffered plea at that time. The case was continued to November 3, 2003, to further investigate matters, regarding the proffered plea bargain.
> On November 3, 2003, the trial date was vacated so defendant would have time to review the discovery. When the court raised the question of the plea offer, defense counsel responded "[s]till hopeful,

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 2**

but." Later on in the hearing, defendant advised the court he had not yet rejected the prosecution's offer but was requesting that the matter be set for *Marsden*[1] and *Faretta*[2] hearings.

On December 1, 2003, the prosecutor produced a letter from the Sutter County District Attorney's office agreeing not to prosecute defendant if he entered the proposed disposition in Butte County.

On December 12, 2003, the trial court granted defendant's *Faretta* motion to represent himself.

On January 26, 2004, the trial court offered to meet with the prosecutor and defendant to assist in settlement discussions and defendant agreed to meet with the court on February 10, 2004.

On March 29, 2004, at another trial readiness conference, defendant advised the court he had "absolutely rejected' the prosecution's offer.

On September 30, 2004, defendant filed a motion for new trial. In his declaration, he stated that the "offer from the People was to 2 counts of attempted petty theft as a misdemeanor, no jail time, with the understanding that I could appeal. I wanted to appeal to the 3rd District Court of Appeal, but both my attorney and the DA stated emphatically that I had to appeal to the Appellate Division of the Superior Court of California, County of Butte. Their statements of where to appeal, were based on their understanding of the legal appellate process. *If I could have appealed to the 3rd District Court of Appeals, I would have pled no contest and sought to overturn the plea at the appellate court.*"

Denny Forland, who represented defendant at the time of the plea negotiations, also filed a declaration in support of defendant's motion. He declared that during the one-hour conference with defendant and the prosecutor, defendant inquired where his appeal would be heard and he was advised it would be heard by the appellate department of the superior court because the plea resulted in a misdemeanor disposition. When defendant inquired whether the parties could stipulate to certify or otherwise transfer the matter to the court of appeal, he was told they could not do so. Forland further declared that *"[d]efendant did express a willingness to resolve the case if his appeal could be heard in a venue other than Butte County."*

In his opposition to the motion, Chief Deputy District Attorney Howard Abbott filed a declaration in which he stated that the settlement meeting with the court on February 10 did not last very long, there was very little discussion concerning settlement of the case, and defendant "categorically and unconditionally rejected the People's offer." Abbott noted that he "was impressed with the defendant's words and demeanor that he believed the People did not have a case and that the charges were defensible."

The trial court denied the motion finding defendant's failure to accept the prosecution's plea bargain was due to his own incompetence in representing himself rather than to any incompetence on the part of defense counsel. This was because during the time he represented himself, the applicable rule of court (former rule 30(a)) was amended and if he had updated his research prior to trial, he

---

[1] *People v. Marsden*, 465 P.2d 44 (Cal. 1970).

[2] *Faretta v. California*, 422 U.S. 806 (1975).

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS** ~ 3

> would have discovered that the appropriate appellate forum was in the court of appeal rather than the superior court.

(Lodged Document 2).

## ANALYSIS

Petitioner presented his two Sixth Amendment claims before the California Court of Appeals and the California Supreme Court. Respondent concedes that Petitioner has exhausted these two claims in state court.

**1.     Ineffective Assistance of Counsel**

In order to prove that his counsel was ineffective in violation of the Sixth Amendment, Petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner claims that the advice of his counsel was defective because he told Petitioner that his appeal would be to the Butte County Superior Court rather than the California Court of Appeals.

At the trial level, Petitioner raised this claim in a motion for new trial after his conviction. Evidence was presented by both parties and the trial judge made factual findings in denying the motion. The judge found that the failure to accept the plea offer was the fault of the Petitioner, that the plea bargain was still available at the time that Petitioner represented himself and that Petitioner could have researched the jurisdiction of the appeal himself during the five months that he represented himself to learn that the appeal would lie to the Court of Appeals. In affect, the trial judge found that there was not prejudice from the erroneous advice of his attorney because Petitioner acted as his own attorney and had a duty to research the law himself.

The Court of Appeals also found no prejudice resulting from the erroneous advice but on different grounds than the trial judge. The Court of Appeals characterized Petitioner's declaration that he would have accepted the plea but for counsel's erroneous advice as self-serving and insufficient by itself. The Court of Appeals made a number of factual findings from the record and concluded, "[i]n

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 4**

sum, other than his self-serving statement, the record suggests his primary motive in rejecting the offer was his strong belief in his own innocence, rather than his erroneous belief that his appeal would be heard by the Butte County Superior Court." Neither the trial judge's nor the California Court of Appeal's determination that Petitioner was not prejudiced by the erroneous advice of counsel was contrary to, or an unreasonable application of *Strickland*.

2. **Failure to Appoint Counsel**

Petitioner contends that the trial court violated his Sixth Amendment rights when it denied his pretrial request for appointment of counsel after he had decided to represent himself at trial.

Under the Sixth Amendment, criminal defendants are entitled to the assistance of counsel during all critical stages of the criminal justice process. *Iowa v. Tovar*, 541 U.S. 77, 80-81 (2004). Yet, the Supreme Court has also recognized that a defendant has a Sixth Amendment right to represent himself. *Faretta v. California*, 422 U.S. 806, 834 (1975). Thus, a defendant may waive his Sixth Amendment right to counsel and represent himself so long as his choice to do so is made voluntarily and knowingly, and with "a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Patterson v. Illinois*, 487 U.S. 285, 292 (1988). Indeed, in this case, it is undisputed that on December 8, 2003, Petitioner voluntarily and knowingly waived his right to counsel. It was not until June 9, 2004, the morning of the first day of trial that Petitioner advised the trial court that he wanted "co-counsel, advisory counsel or appointment of an attorney, in that order."

The California Court of Appeals applied California case law that specifically addressed situations that were presented in this case, namely, a request to withdraw a *Faretta* waiver. The trial judge made factual findings concerning the Petitioner's request to represent himself on the morning of the trial. The trial judge found (1) that the case had been pending since July 2002 and was on the criminal calendar

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 5**

for October 8, 2002, and had continued to be on that docket since that time; (2) that Petitioner made a knowing and intelligent waiver of the right to counsel and had represented himself for four or five months; (3) that the court had made an inquiry of the defendant 10 days before trial and a second inquiry closer to trial and Petitioner advised the court that he intended to represent himself and made no mention of appointed counsel; (4) that a jury was ready for the trial; and (5) that the court believed defendant was "capable of representing himself in this matter, more capable than 95 percent of pro per defendants that I have observed since I have been on the bench and before then." These findings follow California precedent guiding a trial judge in deciding whether to grant a request to withdraw a waiver of the right to counsel. *People v. Smith,* 109 Cal. App. 3d 476, 484 (1980). It is evident that the trial judge found that the Petitioner had waited until the very last minute, after a jury was ready, in order to make an untimely motion that he had ample time to do in a timely manner.

The Court was unable to locate any Supreme Court precedent addressing the withdrawal of a *Faretta* waiver; however, the Ninth Circuit has addressed this issue in the post-trial context. *See Menefield v. Borg*, 881 F.2d 696, 700 (9th Cir. 1989) ("There are times when the criminal justice system would be poorly served by allowing the defendant to reverse his course at the last minute and insist upon representation by counsel.").

The factual findings and legal conclusions of the trial court and the California Court of Appeals were reasoned opinions. In light of the lack of direct controlling Supreme Court precedent on this issue, neither opinion was contrary to or an unreasonable application of established United States Supreme Court precedent or an unreasonable determination of the facts. *See Wright v. Van Patten*, 128 S.Ct. 743, 746 (2008).

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS** ~ 6

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Ct. Rec. 1) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to Petitioner and counsel.

**DATED** this 25th day of March, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\CAED cases\Lakota\deny.habeas.ord.wpd

**ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS** ~ 7